**Ned N. CARY, Jr., Plaintiff,**

v.

**ANHEUSER–BUSCH, INC. and James Babcock, Defendants.**

**Civ. A. No. 88–85–NN.**

United States District Court,
E.D. Virginia,
Newport News Division.

Dec. 16, 1988.

Ned N. Cary, Jr., Toano, Va., pro se.

Henry L. Marsh, III, Hill, Tucker & Marsh, Richmond, Va.

Eva S. Tashjian–Brown, McGuire, Woods, Battle & Boothe, Richmond, Va., for Anheuser–Busch, Inc.

## MEMORANDUM OPINION AND ORDER

DOUMAR, District Judge.

Throughout the history of the Judeo–Christian traditions, individuals have been faced with conflicts between the direct commands of God and the demands of the society in which they live. Some of these individuals have been honored for their faith, the memory of others lives in infamy. The account of God commanding Abraham to offer his son Isaac as a sacrifice, see *Genesis* 22:1–14, and the account of Jim Jones and the Jonestown Massacre share some striking similarities.

This case arises from either such a conflict between a perceived command of God and the demands of man or from a tremen-

---

dous misunderstanding. In either event, the plaintiff is not entitled to relief in this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq. Summary judgment is GRANTED to the defendant Anheuser–Busch. In addition, the defendant James Babcock is DISMISSED on motion of all parties since he is an improper party defendant.

## I. BACKGROUND

Plaintiff Ned N. Cary, Jr. is and has been employed by defendant Anheuser–Busch, Inc. (Anheuser–Busch) as a maintenance operator in its Williamsburg, Virginia plant for over eight years. Affidavit of Ned N. Cary, Jr. (Cary Affidavit); Deposition of Ned N. Cary (Cary Deposition) at 14. On or about March 29, 1987, Cary had a religious experience after which his primary goal in life became seeking the ordained ministry and serving God. Cary Affidavit. Following this experience, Cary was subject to impulsive urges to read the Bible and to be alone and keep to himself. Cary Deposition at 24. On the same day as his religious experience, Cary confided his experience with two of his supervisors at Anheuser–Busch and told them that they would begin to notice a change in his demeanor. Cary Affidavit; Cary Deposition at 22, 25.

Sometime between March 29, 1987, and May 21, 1987, Aubrey White, the maintenance department manager at the plant, received a complaint lodged against Cary by another maintenance department employee, Claude Gilmer. Affidavit of Aubrey White. In his complaint, Gilmer related that Cary had approached him at work and informed him that Cary had been "called" by the Lord and that the Lord had told Cary that he could take two people with him "to the other side." *Id.* Gilmer related to White that Cary then informed him that he had selected Gilmer as one of the two people to go with him. *Id.* Gilmer stated that he was frightened and disturbed by this encounter. *Id.*

As a result of Gilmer's complaint, a meeting attended by White, maintenance department assistant manager James Bab-

cock, union shop steward Parker Hilliard, and Cary was held on May 21, 1987 at the plant. *Id.;* Cary Deposition at 34. At this meeting, Babcock either suggested that Cary contact, or directed him to contact, the Anheuser–Busch Employee Assistance Program for possible assistance. Affidavit of James Babcock (February 9, 1988) (Babcock's February Affidavit), Defendant's Reply Brief on Motion for Summary Judgment and Dismissal at exh. 4; Cary Deposition at 34, 36. At this meeting, Cary became agitated and wept. Cary Deposition at 37–38; Babcock's February Affidavit. According to Cary, an appointment with the Employee Assistance Program was made for him for the next day and shop steward Hilliard told him the time of the appointment and to be there. Cary Deposition at 44–47. Cary went to the Employee Assistance Program counselor on the following day, Cary Deposition at 48; Affidavit of David Kirk, and the counselor referred him to a local psychiatrist. Cary Deposition at 51–52; Affidavit of David Kirk.

In October 1987, Cary filed a charge of religious discrimination against Anheuser–Busch with the EEOC, alleging that he had been coerced into receiving medical treatment because of his religion. The EEOC determined that the evidence obtained during its investigation did not establish a violation of Title VII. The determination notified Cary of his right to sue. Cary initially filed this suit pro se but has since retained counsel. With leave of the Court, Cary filed an amended complaint on November 23, 1988.

The amended complaint contains two specific incidents of alleged religious discrimination: that during the May 21, 1987 meeting, Cary was coerced to attend the Employee Assistance Program in that the manner in which Babcock discussed the Assistance Program made Cary feel that participation in the program was a condition of his continued employment with Anheuser–Busch, and that Cary was forced to work overtime on March 8, 1987, even though his supervisor knew that he was attending classes at a theological seminary

later that day and that other employees were available to work overtime on that day. Cary seeks an injunction prohibiting Anheuser–Busch from engaging in the discriminatory policies and practices purportedly alleged in the complaint and any other policies or practices which have the effect of discriminating against Cary on the basis of his religion. Cary also seeks the costs of this action as well as attorney's fees.

## II. DISCUSSION

Before reaching the merits of Cary's claims, defendant Babcock must be dismissed as a defendant to this action.

In his pro se complaint, Cary named Anheuser–Busch, Babcock and Hilliard as party defendants. During a hearing on October 19, 1988, the Court determined that Hilliard was not a proper defendant. Cary's amended complaint did not name Hilliard as a defendant. The amended complaint, however, did name Babcock as a defendant. Babcock retired from Anehuser–Busch on July 1, 1988, Affidavit of James Babcock (October 26, 1988), Defendants' Supplemental Brief in Support of Summary Judgment and Motion to Dismiss at exh. 1, and is therefore completely incapable of providing the equitable relief that Cary seeks. Cary's counsel now recognizes that Babcock is an improper defendant and has submitted a draft order dismissing defendant Babcock.[1] This action is hereby DISMISSED with prejudice as to defendant Babcock.

As the party moving for summary judgment, Anheuser–Busch must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Magill v. Gulf & Western Industries, Inc.,* 736 F.2d 976, 979 (4th Cir.1984). The Court must draw all inferences from the affidavits, documentary material, and deposition in the light most favorable to Cary. *See id.* The Court FINDS that there is not a genuine issue as to any fact material to Cary's Title VII claims, and that Anheuser–Busch is entitled to judgment as a matter of law.

Section 703 of Title VII, as amended, provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... religion." 42 U.S.C. subsection 2000e–2(a)(1). "Religion" under Title VII is defined to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's ... religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. subsection 2000e(j).

■ If Cary was coerced to seek assistance from the Anheuser–Busch Employee Assistance Program because of his religious beliefs, Cary would have been subject to religious discrimination in violation of Title VII. Assuming for purposes of summary judgment that Cary was in fact required to seek psychological assistance from the program as a condition of continued employment, the Court finds from evidence submitted by both parties that this condition of continued employment would have been justifiably required by Anheuser–Busch in light of Gilmer's complaint to management and Cary's demeanor during the May 21st meeting. Faced with the information that Gilmer submitted to them and their own observations, the Court FINDS that White's and Babcock's actions were reasonable as a matter of law. Title VII's prohibition of religious discrimination in the workplace does not require an employer to take no action when an employee

---

1. Counsel for defendants Babcock and Anheuser–Busch assert that Cary's counsel interviewed Babcock on October 27, 1988, and as of that date should have been without doubt that dismissal of Babcock was appropriate. Nevertheless, Cary's amended complaint filed by counsel on November 22, 1988, still named Babcock as a defendant. Babcock's counsel asserts that Babcock is entitled to attorney's fees from at least October 27, 1988, because Cary's counsel continued to litigate against Babcock even though he knew theat Babcock was an improper defendant. The point is well taken but the Court reserves ruling on any issues of attorney's fees absent a specific motion.

reports that he feels threatened by a co-employee's statements. The Court cannot ignore the fact that should the employer take no action after receiving such a complaint and harm were to come to the threatened employee, the employer might face liability to the employee or survivors of the employee.

What exactly Cary told Gilmer is not a material fact in this case.[2] What is material to determine whether Anheuser–Busch's action at the May 21st meeting was discriminatory is the information that was conveyed to its management. This is not contested. Cary does not contest or controvert the evidence that Gilmer complained to Anheuser–Busch management concerning statements that Cary made to him or that Gilmer complained because he stated that he was frightened by Cary. Cary Deposition at 41. It is also uncontroverted that at the May 21st meeting, Cary was agitated and wept. Cary Deposition at 38–39; Babcock's February Affidavit. If Babcock or White conditioned Cary's continued employment at Anheuser–Busch on his obtaining assistance from the Employee Assistance Program or created an atmosphere at the meeting which Cary felt coerced him to seek this assistance, the complaint that they received from Gilmer and the behavior of Cary which they observed provided ample, nondiscriminatory justification. Their action was based upon Cary's reported and observed behavior, not upon his religious beliefs. Cary's claim relating to this meeting fails.

So too does his claim relating to his not being released from overtime to attend classes on March 8, 1987. Both Cary's and the defendants' evidences shows that the plant's maintenance department operated an overtime canvass sheet on which employees either requested, refused, or indicated no preference with regard to working overtime each day. Cary Deposition at 72–73; White Affidavit. Should overtime arise, it is undisputed that the practice of the maintenance department was to first utilize those employees who requested overtime for that day and if there were not enough employees requesting overtime, to turn to those employees indicating no preference. Cary Deposition at 74; White Affidavit. As a last resort, the employees who had refused overtime would be contacted.

■ On March 8, 1988, Cary indicated no preference. Cary Deposition at 74, exh. 5. While employers must take reasonable steps to accommodate an employee's religious observance or practice, *Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63, 79, 97 S.Ct. 2264, 2274, 53 L.Ed.2d 113 (1977), the employee has a correlative duty to make a good faith attempt to satisfy his needs through means offered by the employer. *Brener v. Diagnostic Center Hospital,* 671 F.2d 141, 146 (5th Cir.1982). Cary could have most easily marked "refused" on the overtime canvass sheet for that day. He did not mark the sheet and admitted that this was why he was required to work overtime on March 8. Cary Deposition at 87. Anheuser–Busch is entitled to judgment on this claim also.[3]

This Court in no way desires to disparage or take lightly the religious beliefs or experiences of Cary. The underlying theme of this case is not new. Nearly two thousand years ago, Jesus of Nazareth told his disciples: "Render therefore unto Caesar the things which are Caesar's; and unto God the things that are God's." *Matthew* 22:21 (King James).

The Clerk is DIRECTED to dismiss defendant Babcock and to enter judgment in favor of defendant Anheuser–Busch. This case shall be DISMISSED from the docket.

---

**2.** In his deposition, Cary testified that although he may have told Gilmer and another co-worker that the Lord had told Cary that he could take two people with him, the context left no doubt that he was referring to going to heaven. Cary Deposition at 33.

**3.** Anheuser–Busch contends that this claim should be dismissed because Cary did not submit this overtime allegation to the EEOC. While the EEOC documents submitted by the parties suggest that the EEOC was apprised of only the Employee Assistance Program allegation, the Court does not rule on this exhaustion issue. Rather, for purposes of summary judgment, the Court assumes that all exhaustion requirements were fully met.

Any motions for attorneys fees must be filed within ten (10) days from the date hereof.

IT IS SO ORDERED.